NO. 07-02-0219-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 30, 2002



______________________________




LAURA RAMOS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13947-0101; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ORDER ON MOTION TO 


WITHDRAW AS ATTORNEY


 The Court has considered the motion of Brent Hamilton, Esq., (Hamilton) to
withdraw as appellate attorney of record for appellant. The Court notes that Kregg Hukill,
Esq., has been appointed as appellate attorney for appellant by the Honorable Ed Self,
Judge of the 242nd District Court of Hale County, by order dated May 10, 2002, and that
by the same order, Judge Self has ordered that Hamilton be withdrawn as appellate
attorney.

 Hamiton's Motion to Withdraw as Attorney is granted. Attorney Hukill will be noted
as appellate attorney for appellant. 

 Per Curiam


Do not publish.





7, 813 (Tex.Cr.App. 1978),
counsel has candidly discussed why, under the controlling authorities, there is no error in
the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant,
and informed appellant that, in counsel's view, the appeal is without merit. In addition,
counsel has demonstrated that he notified appellant of her right to review the record and
file a pro se brief. Appellant filed a letter brief and the State did not favor us with a brief.

 On March 11, 2000, a friend of appellant's named Ronnie Eisenman sold his car to
her. At that time Eisenman introduced appellant to Karma Hammonds. Two days later,
on March 13, 2000, appellant went to Eisenman's residence to pay the balance owed on
the car. While appellant was at Eisenman's, Hammonds showed up. According to
Hammonds, appellant asked her if she was "still looking" for crank. Hammonds acted
interested and left briefly to call the Ochiltree County Sheriff's Office and alert them that
appellant was selling narcotics and that she was willing to act as an informant and make
a buy. 

 Hammonds met with Deputy Sheriff Phillip LaRue at a designated area and she was
given $100 to complete the transaction with appellant. She returned to Eisenman's
residence and was followed by LaRue, who parked over a block away. According to
Hammonds, she and appellant went to the bathroom together where appellant showed her
numerous baggies of methamphetamine and she selected one in exchange for $100. She
immediately left and met with LaRue at the designated area and turned the baggie of
narcotics over to him. 

 Counsel presents two arguable points of error on appeal. He challenges the
sufficiency of the evidence to support the conviction and raises ineffective assistance of
trial counsel. However, after a discussion of the evidence and the legal authorities,
counsel candidly concedes no reversible error is presented. By her letter brief, appellant
essentially raises the same complaints. We first address the sufficiency of the evidence. 
When both the legal and factual sufficiency of the evidence are challenged, we must first
determine whether the evidence is legally sufficient to support the verdict. Clewis v. State,
922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one
cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the
defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex.
Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2002); Tex. Pen. Code Ann. § 2.01
(Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa
v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson
v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit
as a thirteenth juror, but must uphold the verdict unless it is irrational or unsupported by
more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867
(Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the fact finder's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for that
of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. 
Appellant was indicted for intentionally and knowingly delivering, by actual transfer to
Karma Hammonds, methamphetamine in an amount of less than one gram. See Tex.
Health & Safety Code Ann. § 481.112(a) & (b) (Vernon Supp. 2002). Actual transfer
consists of transferring the real possession and control of a controlled substance from one
person to another person. Nevarez v. State, 767 S.W.2d 766, 768 (Tex.Cr.App. 1989) (en
banc).

 The evidence presented at trial was contradictory. LaRue testified that he searched
Hammonds and her car prior to giving her the money to make the buy and again searched
her after the buy. His written report recites that he searched her before the buy, but does
not indicate that Hammonds was searched after the buy. Hammonds, however, testified
that LaRue never searched her or her car, and that she did not get out of her car when she
turned the methamphetamine over to him. Hammonds did acknowledge that LaRue
"checked her out" and took her word that she did not have any contraband on her person
before the buy. Hammonds purchased a plastic baggie containing a powdery substance
from appellant for $100. A chemist with the Texas Department of Public Safety testified
that he tested the substance and determined that it was .90 grams of methamphetamine. 
Viewing the evidence in the light most favorable to the prosecution, we find that any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson, 443 U.S. at 318.

 Having concluded that the evidence is legally sufficient to support the verdict, we
must now determine, after a neutral review of all the evidence, whether it is factually
sufficient to support the verdict. Johnson, 23 S.W.3d at 11. It is the exclusive province
of the fact finder to determine the credibility of the witnesses and the weight to be given
their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong
v. State, 958 S.W.2d 278, 284 (Tex.App.-Amarillo 1997, pet. ref'd). 

 Hammonds's motive for helping authorities apprehend appellant was questionable. 
Eisenman testified that Hammonds vowed to get back at appellant for turning Hammonds
down on a three-way sexual encounter. She also vowed revenge because she had lost
her children and claimed that appellant did not deserve to have her child. Specifically,
Hammonds testified that her motive in helping the authorities was based on the following: 

 I do not have my children. They were taken away from me. And here is this
woman that has ripped her child's ear and given her child drugs. So I did not
think that she needed to have her child.


Hammonds, however, claimed that she helped the authorities as part of her civic duty to
appellant's child.

 Ronnie Eisenman testified that he was told conflicting stories by both appellant and
Hammonds. He claimed that both of them admitted to him that at "one time they had did
[sic] a dope deal." He also testified that about one week after March 13th, appellant asked
him if Hammonds was "cool" because she had sold her narcotics. Eisenman admitted that
he never witnessed a drug transaction take place at his home on March13th, but explained
that he would not have known about it if the deal took place in his bathroom. Despite the
contradictions, we must avoid substituting our own judgment for that of the fact finder's. 
Thus, after a neutral review of all the evidence, we find it is factually sufficient to support
appellant's conviction. Johnson, 23 S.W.3d at 11. We agree with counsel that the
evidence is sufficient to support appellant's conviction and that no reversible error is
presented by point of error one. 

 Counsel raises ineffective assistance of trial counsel as his second arguable point
of error. We review a claim of ineffective assistance of counsel by the standard set forth
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
Strickland, a defendant must establish that (1) counsel's performance was deficient (i.e.,
fell below an objective standard of reasonableness), and (2) there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different, a reasonable probability being a probability sufficient to undermine
confidence in the outcome. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

 The assessment of whether a defendant received ineffective assistance of counsel
is based on the facts of each case. Ex Parte Scott, 581 S.W.2d 181, 182 (Tex.Cr.App.
1979). Any allegation of ineffectiveness must be firmly founded in the record and the
record must affirmatively demonstrate the alleged ineffectiveness. McFarland v. State, 928
S.W.2d 482, 500 (Tex.Cr.App. 1996), cert. denied, 519 U.S. 1119, 117 S.Ct. 966, 136
L.Ed.2d 851 (1997). An appellate court looks to the totality of the representation and the
particular circumstances of each case in evaluating counsel's performance. Ex Parte
Felton, 815 S.W.2d 733, 735 (Tex.Cr.App. 1991). However, it is possible that a single
egregious error of omission or commission by counsel constitutes ineffective assistance. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). After proving error, a
defendant must also affirmatively demonstrate prejudice. McFarland, 928 S.W.2d at 500. 
Any judicial review must be highly deferential to trial counsel and avoid the deleterious
effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). A strong presumption exists
that defense counsel's conduct falls within a wide range of reasonable representation. 
Strickland, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4
S.W.3d 735, 757 (Tex.Cr.App. 1999), cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146
L.Ed.2d 958 (2000). 

 A review of the entire record establishes that counsel vigorously cross-examined
the State's witnesses and made numerous objections, some of which were sustained. By
her letter brief, appellant claims that defense counsel refused to present any witnesses or
use an alleged tape recording she made of conversations with Eisenman. She claims that
Eisenman testified favorably for the State in exchange for having charges against him
dropped. She also alleges that trial counsel "lied" to her about winning her case if she
waived a jury trial.

 Rarely is a reviewing court provided with a record on direct appeal that establishes
a fair evaluation of the merits of an ineffectiveness claim involving serious allegations. 
Thompson, 9 S.W.3d at 813. On the record before us, appellant is unable to overcome
the strong presumption that counsel's performance was reasonable and professional. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). None of the contentions raised
by appellant are presented in the record before us. A collateral attack may be the vehicle
necessary to develop a sufficient record on alleged errors of omission. Jackson v. State,
973 S.W.2d 954, 957 (Tex.Cr.App. 1998) (en banc). Thus, we agree that no reversible
error is presented on an ineffective assistance claim as suggested by counsel's second
point of error. 

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit and is,
therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).