NO. 07-02-0085-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2002

_____

MYRNA MARIE HOLT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;

NO. 3464; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Myrna Marie Holt was convicted by the trial court of delivery of a controlled substance and punishment was assessed at two years confinement in a state jail facility. In presenting this appeal, counsel has filed an Anders[1]

_____

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no meritorious ground on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of her right to review the record and file a *pro se* brief. Appellant filed a letter brief and the State did not favor us with a brief.

On March 11, 2000, a friend of appellant's named Ronnie Eisenman sold his car to her. At that time Eisenman introduced appellant to Karma Hammonds. Two days later, on March 13, 2000, appellant went to Eisenman's residence to pay the balance owed on the car. While appellant was at Eisenman's, Hammonds showed up. According to Hammonds, appellant asked her if she was "still looking" for crank. Hammonds acted interested and left briefly to call the Ochiltree County Sheriff's Office and alert them that appellant was selling narcotics and that she was willing to act as an informant and make a buy.

2

Hammonds met with Deputy Sheriff Phillip LaRue at a designated area and she was given $100 to complete the transaction with appellant. She returned to Eisenman's residence and was followed by LaRue, who parked over a block away. According to Hammonds, she and appellant went to the bathroom together where appellant showed her numerous baggies of methamphetamine and she selected one in exchange for $100. She immediately left and met with LaRue at the designated area and turned the baggie of narcotics over to him.

Counsel presents two arguable points of error on appeal. He challenges the sufficiency of the evidence to support the conviction and raises ineffective assistance of trial counsel. However, after a discussion of the evidence and the legal authorities, counsel candidly concedes no reversible error is presented. By her letter brief, appellant essentially raises the same complaints. We first address the sufficiency of the evidence. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2002); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

3

could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the fact finder's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. Appellant was indicted for intentionally and knowingly delivering, by actual transfer to Karma Hammonds, methamphetamine in an amount of less than one gram. *See* Tex. Health & Safety Code Ann. § 481.112(a) & (b) (Vernon Supp. 2002). Actual transfer consists of transferring the real possession and control of a controlled substance from one person to another person. Nevarez v. State, 767 S.W.2d 766, 768 (Tex.Cr.App. 1989) (en banc).

The evidence presented at trial was contradictory. LaRue testified that he searched Hammonds and her car prior to giving her the money to make the buy and again searched her after the buy. His written report recites that he searched her before the buy, but does not indicate that Hammonds was searched after the buy. Hammonds, however, testified that LaRue never searched her or her car, and that she did not get out of her car when she turned the methamphetamine over to him. Hammonds did acknowledge that LaRue "checked her out" and took her word that she did not have any contraband on her person before the buy. Hammonds purchased a plastic baggie containing a powdery substance from appellant for $100. A chemist with the Texas Department of Public Safety testified that he tested the substance and determined that it was .90 grams of methamphetamine. Viewing the evidence in the light most favorable to the prosecution, we find that any

5

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 318.

Having concluded that the evidence is legally sufficient to support the verdict, we must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.–Amarillo 1997, pet. ref'd).

Hammonds's motive for helping authorities apprehend appellant was questionable. Eisenman testified that Hammonds vowed to get back at appellant for turning Hammonds down on a three-way sexual encounter. She also vowed revenge because she had lost her children and claimed that appellant did not deserve to have her child. Specifically, Hammonds testified that her motive in helping the authorities was based on the following:

> I do not have my children. They were taken away from me. And here is this woman that has ripped her child's ear and given her child drugs. So I did not think that she needed to have her child.

Hammonds, however, claimed that she helped the authorities as part of her civic duty to appellant's child.

6

Ronnie Eisenman testified that he was told conflicting stories by both appellant and Hammonds. He claimed that both of them admitted to him that at "one time they had did [sic] a dope deal." He also testified that about one week after March 13th, appellant asked him if Hammonds was "cool" because she had sold her narcotics. Eisenman admitted that he never witnessed a drug transaction take place at his home on March 13th, but explained that he would not have known about it if the deal took place in his bathroom. Despite the contradictions, we must avoid substituting our own judgment for that of the fact finder's. Thus, after a neutral review of all the evidence, we find it is factually sufficient to support appellant's conviction. *Johnson*, 23 S.W.3d at 11. We agree with counsel that the evidence is sufficient to support appellant's conviction and that no reversible error is presented by point of error one.

Counsel raises ineffective assistance of trial counsel as his second arguable point of error. We review a claim of ineffective assistance of counsel by the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).

7

The assessment of whether a defendant received ineffective assistance of counsel is based on the facts of each case. Ex Parte Scott, 581 S.W.2d 181, 182 (Tex.Cr.App. 1979). Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex.Cr.App. 1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating counsel's performance. Ex Parte Felton, 815 S.W.2d 733, 735 (Tex.Cr.App. 1991). However, it is possible that a single egregious error of omission or commission by counsel constitutes ineffective assistance. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). After proving error, a defendant must also affirmatively demonstrate prejudice. *McFarland*, 928 S.W.2d at 500. Any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

A review of the entire record establishes that counsel vigorously cross-examined the State's witnesses and made numerous objections, some of which were sustained. By

8

her letter brief, appellant claims that defense counsel refused to present any witnesses or use an alleged tape recording she made of conversations with Eisenman. She claims that Eisenman testified favorably for the State in exchange for having charges against him dropped. She also alleges that trial counsel "lied" to her about winning her case if she waived a jury trial.

Rarely is a reviewing court provided with a record on direct appeal that establishes a fair evaluation of the merits of an ineffectiveness claim involving serious allegations. *Thompson*, 9 S.W.3d at 813. On the record before us, appellant is unable to overcome the strong presumption that counsel's performance was reasonable and professional. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). None of the contentions raised by appellant are presented in the record before us. A collateral attack may be the vehicle necessary to develop a sufficient record on alleged errors of omission. Jackson v. State, 973 S.W.2d 954, 957 (Tex.Cr.App. 1998) (en banc). Thus, we agree that no reversible error is presented on an ineffective assistance claim as suggested by counsel's second point of error.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is,

9

therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis<br>Justice

Do not publish.