NO. 07-03-0010-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 20, 2003


______________________________



MICHELLE ELIZABETH GONZALES
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A-13511-9909; HON. JACK R. MILLER, PRESIDING


_______________________________



Before QUINN, REAVIS, JJ. AND BOYD, S.J.

 Michelle Elizabeth Gonzales (appellant) appeals from an order revoking her
community supervision. She had originally been convicted of engaging in organized
criminal activity via a plea bargain and plea of guilty. Pursuant to the plea agreement, she
was sentenced to eight years imprisonment. However, the sentence was suspended, and
appellant was placed on eight years probation. Subsequently, the State filed three
separate motions to revoke probation at three separate times with the first two ending in
appellant's probation being reinstated. However, on the third motion to revoke, appellant
pled true to all of the grounds supporting revocation except for two which involved
appellant's alleged commission of a new offense and failing to report for three months. 
The trial court granted the motion, revoked appellant's probation, and sentenced her to five
years in the Institutional Division of the Texas Department of Criminal Justice. Appellant
timely noticed her appeal, and counsel was appointed. Appellant's counsel then moved to
withdraw, after filing a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,
18 L.Ed.2d 493 (1967), and representing that he had searched the record and found no
arguable grounds for reversal. The motion and brief illustrated that appellant was informed
of her rights to review the appellate record and file her own brief. So too did we inform
appellant that any pro se response or brief she cared to file had to be filed by May 16,
2003. To date, appellant has filed no pro se response or brief. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
one potential area for appeal which concerned the court's decision to revoke her
community supervision. However, counsel explained how "a plea of 'true' to any of the
alleged violations is sufficient to support the trial court's order of revocation."

 So too did we conduct an independent review of the record to determine whether
there existed reversible error and found none. See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (requiring us to conduct an independent review). The record
illustrated that no appeal was taken within 30 days from the date of appellant's guilty plea
and conviction complaining of error occurring at that time; thus, we have no jurisdiction
over any purported error arising from or prior to the plea hearing. Manuel v. State, 944
S.W.2d 658, 661-62 (Tex. Crim. App. 1999); see Cooper v. State, 45 S.W.3d 77, 83 (Tex.
Crim. App. 2001). Furthermore, finding that any one ground warranting revocation existed,
the trial court was entitled to revoke appellant's community supervision. Moore v. State,
605 S.W. 2d 924, 926 (Tex. Crim. App. 1979). Here, appellant pled true to all but two
grounds contained in the motion to revoke. Standing alone, a plea of true is sufficient to
support the trial court's order of revocation. Hatten v. State, 71 S.W.3d 332, 335 n.2 (Tex.
Crim. App. 2002). Thus, the appellate record contained evidence supporting the decision
to revoke probation. Furthermore, the punishment levied was within the range provided
by statute. 

 However, we note that the judgment revoking appellant's probation included an
allegation mentioned in the motion to revoke that was not supported by the record. The
ground in question is that involving appellant's purported violation of the condition
pertaining to the commission of a new offense. Appellant plead not true to it. Moreover,
no evidence appears of record illustrating that it was violated. Simply put, appellant
invoked her Fifth Amendment right against self-incrimination when she was asked about
the allegation and opted not to discuss it. Nor did the State present evidence on the
matter through other sources once appellant invoked her silence. Thus, the trial court
erred in holding that she "ha[d] committed an offense against the law of this State." 
Nevertheless, the error is harmless given that she pled true to other grounds, and only one
was needed to revoke probation.

 Accordingly, we modify the judgment revoking probation by deleting from it the
finding that appellant

 has committed an offense against the law of this state; to wit: On or about
the 11th day of July, 2002, in the County of Hale, State of Texas, . . . Michelle
Gonzalez . . . did then and there without effective consent of Stacy Griego,
the owner thereof, intentionally or knowingly, break into or enter a vehicle,
or part thereof, with intent to commit, and did commit theft . . . .


and affirm it as modified. See Bigley v. State, 865 S.W.2d 26, 27-28 (Tex. Crim. App.1993)
(holding that we have the authority to modify an incorrect judgment when the record
permits us to do so); Asberry v. State, 813 S.W.2d 526, 529-30 (Tex. App.-Dallas 1991,
pet. ref'd) (holding the same). Furthermore, we grant counsel's motion to withdraw.


 Brian Quinn 

 Justice 



Do not publish. 



t's house,
knocked on the door, and was told to come in. He said they talked about getting back
together, and that he stayed at the complainant's house until about 8:45 p.m. During that
time, he testified that the complainant's daughter was present until 1:30 or 2:00 p.m. at
which time complainant took the child to her sister's. When she returned, he said, she took
a bath while he sat and talked to her. After the bath, he continued, they sat, he put lotion
on her, and they talked and laughed. Appellant claimed he had consensual sex with her
after about 40 minutes and also later during the course of the afternoon. Around 7:45
p.m., the complainant got dressed, went to Burger King, and brought back a burger and
fries which they ate together. He stayed at her house another hour and then walked home.





Standard of Review


 In the seminal case of Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996), the
court explicated the rule that in considering a factual sufficiency challenge in a criminal
case, the court of appeals must view "all the evidence without the prism of 'in the light most
favorable to the prosecution'" and may only set aside the jury verdict when it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. at 129. 
In additional explication, and in the case of Cain v. State, 958 S.W.2d 404 (Tex. Crim. App.
1997), the court opined that the court of appeals may only exercise its jurisdiction to
prevent a manifestly unjust result and is not free to set aside a jury verdict merely because
the court feels that a different result is more reasonable. Id. at 407. Moreover, it
continued, a court of appeals must support a finding of factual insufficiency by providing
a detailed explanation of its finding so that it can be determined that the appellate court
accorded proper deference to the jury finding and the court must explain why the jury
finding is manifestly unjust, shocks the conscience, or clearly manifests bias. Id. In that
connection, it said, the court of appeals should state in what regard the contrary evidence
greatly outweighs the evidence in support of the verdict. Id.; see also Watson v. State, No.
PD-469-05, 2006 Tex. Crim. App. LEXIS 2040 at *38-39 (Tex. Crim. App. October 18,
2006); Johnson v. State, 23 S.W.3d 1, 11-12 (Tex. Crim. App. 2000).

 In Santellan v. State, 939 S.W.2d 155 (Tex. Crim. App. 1997), the court cautioned
that in performing our factual sufficiency review, we must begin with the assumption that
the evidence is legally sufficient and then consider all the evidence in the record related
to an appellant's factual sufficiency challenge, not just the evidence which supports the
verdict. Id. at 164. It reminded us that an appellate court reviews the evidence weighed
by the jury which tends to prove the elemental fact in dispute and compares it to the
evidence which tends to disprove the fact. Id. In addition, the court opined, our factual
sufficiency review must be appropriately deferential so as to avoid substituting our own
judgment for that of the factfinder and it may not substantially intrude upon the jury's role
as the sole judge of the weight and credibility of the witness testimony. Id.; see also Sells
v. State, 121 S.W.3d 748, 754 (Tex. Crim. App. 2003). It is in the light of these somewhat
cryptic explications that we must review the evidence in this case.

Discussion 


 In arguing that the evidence is insufficient, appellant points to the testimony of the
investigating officer that no tables were overturned, no pictures knocked off the wall, no
glass broken, and that nothing seemed to be out of place. He also refers to the testimony
of the doctor that he could not find any bruises or tears in the complainant's vagina and
that the fact of rape depended upon the complaining witness' testimony. In addition, he
points to the complainant's testimony that she had not talked to appellant between the time
that he moved out of her house until he appeared on the day in question compared with
the evidence of calls from appellant's cell phone to the complainant's phone. In
considering that testimony, it is worthy of note that appellant initially denied having sex with
the witness and changed that testimony when he was informed of the existence of the rape
kit and was requested to furnish a DNA sample to be compared with DNA evidence taken
from that kit. 

 Moreover, the complaining witness clearly testified that she had been raped and
maintained that testimony during a fairly extensive cross-examination, and the arresting
officer testified that she appeared emotional and distraught when he arrived at the scene. 
In sum, it appears that this was a classic case in which the fact whether or not a rape
occurred depended upon the testimony of the victim. We cannot say that the jury's
determination as to the credibility of the witnesses and the resolution of conflicts in their
testimony was so manifestly unjust as to require reversal. Accordingly, we must, and do
hereby, overrule appellant's first point.

Standard of Review
 

 In his second issue, appellant contends that he did not receive the effective
assistance of counsel guaranteed him by the state and federal constitutions. The
standards by which such contentions are decided are, by now, axiomatic. A
defendant/appellant must first show that his counsel's performance was deficient, i.e.,
counsel's performance fell below an objective standard of reasonableness. Second,
assuming that the appellant has demonstrated deficient assistance, it is necessary for him
to affirmatively prove prejudice. In other words, he must show that but for his counsel's
unprofessional errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome. 
This two-pronged test is the benchmark for judging whether counsel's conduct so
undermined the proper functioning of the adversarial process that the trial cannot be
considered as having produced a reliable result. Strickland v. Washington, 466 U.S. 668,
687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Thompson v. State, 9 S.W.3d 808,
812-813 (Tex. Crim. App. 1999).

 The assessment whether a defendant received effective assistance of counsel must
be made according to the facts of each case. Ex parte Scott, 581 S.W.2d 181, 182 (Tex.
Crim. App. 1979). Any allegation of ineffectiveness of counsel must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.1996). A failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id. An appellant bears the burden of proving by a preponderance
of the evidence that counsel was ineffective and, in evaluating the effectiveness of counsel,
an appellate court looks to the totality of the representation and the particular
circumstances of each case. Thompson v. State, 9 S.W.3d at 813. 

 A review of counsel's representation is highly deferential, and appellate courts
indulge a strong presumption that counsel's conduct falls within a wide range of reasonable
presentation. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. The burden
is on an appellant to overcome that presumption by identifying the acts or omissions of
counsel that are alleged to have constituted the ineffective assistance and then
affirmatively proving that they fall below the professional norm for reasonableness. Again,
in addition, an appellant must prove that counsel's errors, judged by the totality of the
representation, denied him a fair trial. A mere showing that they had some conceivable
effect on the proceedings is inadequate. Id. 466 U.S. at 693, 104 S.Ct. at 2067; McFarland
v. State, 928 S.W.2d at 500. 





Discussion


 Without specific reference to the record, and in general terms, appellant challenges
trial counsel's failure to object to the State's reference to his "past criminal history and the
unadjudicated offenses or to request a limiting instruction be given the jury for the
conviction of murder and the alleged burglary of a habitation and selling drugs." As best
we can tell, this has reference to testimony actually brought up by his trial attorney that the
complaining witness had accused appellant of breaking into her house and had done drug
deals. Parenthetically, from the context, it appears that the reference to these acts was
to discredit the complaining witness and show that the victim was lying in her allegations.
In the jury charge, the jury was instructed that they could not consider unadjudicated acts
unless they were convinced beyond a reasonable doubt that those offenses had been
committed. This record would not support a finding of ineffective assistance of counsel. 
The instances referred to would support a valid defensive theory.

 Appellant also claims that his trial counsel was ineffective because he failed to call
three witnesses that would have testified that the complaining witness had made
statements that appellant did not sexually assault her. However, nothing in the record
shows who those witnesses were or to what they would have testified. Those naked
allegations, in and of themselves, are clearly not sufficient for us as a reviewing court to
say that trial counsel was ineffective in failing to call them. Again, as we noted above, the
record before us must be sufficient for us to make a determination as to the effectiveness
of counsel. 

 Finally, appellant asserts that trial counsel was ineffective when he "failed to have
an expert investigator, Steven King, testify as to inconsistences" in the complaining
witness' testimony. Again, there is nothing in this record to support those naked
allegations. Thus, the record before us falls far short of showing that appellant's trial
counsel was ineffective. Appellant's second point is overruled.

 In sum, both of appellant's points are overruled and, there being no reversible error,
the judgment of the trial court is affirmed. 


 John T. Boyd

 Senior Justice


Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2006).