**Ex parte Davis SCOTT.**

**No. 58184.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 23, 1979.

Richard A. Dawson, Rosharon, for appellant.

Carol S. Vance, Dist. Atty. and Douglas M. O'Brien, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DALLY, J.

OPINION

DALLY, Judge.

This is a post-conviction writ of habeas corpus proceeding brought under Art. 11.07, V.A.C.C.P.

The petitioner contends he is entitled to relief because he did not have effective assistance of counsel when he was convicted in Cause No. 192,328 in the 185th District Court of Harris County on October 12, 1973. In that cause the petitioner was convicted of the offense of burglary with the intent to commit theft. The primary offense was enhanced by two prior convictions and punishment of life imprisonment was assessed under the provisions of Art. 63, V.A.P.C. (1925). Although the appellant pled not guilty before a jury to the primary offense, he stipulated, at the punishment phase of the trial, that he had been convicted of the prior offenses just as they were alleged in the indictment.

It was alleged in the indictment that petitioner had been convicted for the offense of robbery in Cause No. 70,695 in Criminal District Court No. 2 of Harris County on November 26, 1953, and after

---

2. At least one jurisdiction requires such notice by statute. See Section 27–2053 of Georgia Code Annotated.

that conviction became final the petitioner committed the offense of robbery and was convicted of that offense in Cause No. 7384 in Fort Bend County on May 30, 1958.

Petitioner now urges that his counsel was ineffective because he failed to discover that the first alleged prior conviction was not a final conviction when the petitioner committed the second alleged prior conviction. A hearing has now been had in the convicting court and the record shows that the offense for which the petitioner was convicted in Fort Bend County was committed on October 20, 1953, which was prior to his conviction in Harris County. The petitioner argues that counsel should have made this discovery and should not have permitted him to stipulate to the prior convictions. He says he received ineffective assistance of counsel when he was advised to make the stipulation and he says he did not know the legal implication of the stipulation and that he relied on trial counsel's advice.

The petitioner was an employee of counsel who represented him in the trial court. Counsel gave petitioner extra work to earn money to employ other counsel and urged the petitioner to seek other counsel, but when petitioner did not do so counsel agreed to and did represent petitioner. The trial counsel had never before represented a defendant charged as an habitual offender and he did not investigate and determine that the allegations of the indictment concerning the prior convictions were untrue— that is, that petitioner had not been convicted of the offense in Harris County before he committed the offense in Fort Bend County—before advising the petitioner to enter into the stipulation that the allegations were true.

This Court has held that:

" '. . . willful (but not necessarily negligent) misconduct by an employed attorney without defendant's knowledge which amounts to a breach of the legal duty of an attorney to his client, can in some circumstances constitute an infringement of an accused's federally protected right to effective representation by counsel in a criminal proceeding.' "

Steel v. State, 453 S.W.2d 486 (Tex.Cr.App. 1970), quoting from Holbert v. State, 439 S.W.2d 507 (Mo.1969). See also Benoit v. State, 561 S.W.2d 810 (Tex.Cr.App.1977); Ex parte Shields, 550 S.W.2d 670 (Tex.Cr. App.1977) (Opinion on State's Motion for Rehearing); Ex parte Raley, 528 S.W.2d 257 (Tex.Cr.App.1975); Helms v. State, 484 S.W.2d 925 (Tex.Cr.App.1972); Walsh v. State, 468 S.W.2d 453 (Tex.Cr.App.1971); Lawson v. State, 467 S.W.2d 486 (Tex.Cr. App.1971). As these decisions recognize, the assessment of whether the defendant has been rendered effective assistance of counsel must be made according to the facts of each case.

In these circumstances we hold that the petitioner failed to receive effective assistance of counsel. The result at which we have arrived is consistent with the findings and recommendation of the trial judge. The petitioner's conviction as a second offender may be upheld under the provisions of Art. 62, V.A.P.C. (1925). The maximum punishment under that article for the offense for which the appellant was convicted was imprisonment for twelve years. The judgment and sentence shall be reformed to show petitioner's conviction as a second offender with punishment of imprisonment for twelve years. The petitioner is entitled to his release from imprisonment for this offense when he has satisfactorily served that sentence.

It is so ordered.