NUMBER 13-97-845-CR 



COURT OF APPEALS 

THIRTEENTH DISTRICT OF TEXAS 

CORPUS CHRISTI 

___________________________________________________________________ 



BENJAMIN STONE, SR., Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 25th District Court 

of Gonzales County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Chief Justice Seerden and Justices Dorsey and
Rodriguez 

Opinion by Justice Dorsey 



The issue in this case is whether appellant received ineffective assistance of counsel
during his trial for delivery of a controlled substance when his attorney called him to
testify and elicited from him testimony regarding a prior murder conviction that the State
would not have been allowed to bring up otherwise. We hold that appellant has shown
ineffective assistance of counsel and reverse and remand. 

Stone was convicted of delivery of a controlled substance after a one-day jury trial
and was sentenced to ten years imprisonment and a $10,000 fine. In 1980, Stone was
convicted of murder and served five years in the penitentiary for that crime. During voir
dire in the present case, the issue arose of whether the remote murder conviction would be
admissible against him in the present case. The court indicated that it would not allow
evidence regarding the murder conviction during the guilt-innocence stage of the trial.
The State did not attempt to bring it up. However, Stone's own attorney called Stone to
the stand and brought up the prior murder conviction directly. We hold that no reasonably
competent attorney could have believed that introducing that evidence amounted to sound
trial strategy, and find, therefore, that Stone received ineffective assistance of
counsel. 

It is common practice for a defense attorney to elicit from his own client evidence
regarding a prior conviction when counsel knows or reasonably believes that if he does not
bring it up first, the State will. The belief is that getting the issue out first will
"pull the sting" from the impact of its coming from the State. However, in this
case, the State could not have introduced evidence of Stone's prior conviction. Not only
did the court indicate at the pre-trial bench conference that he would not allow the
evidence during the guilt-innocence portion of the trial, the court would have been
required to make that ruling under the applicable law. 

Texas Rule of Evidence 609(b) states that evidence of a prior conviction may not be
used for the purpose of attacking the credibility of a witness if more than ten years has
elapsed since the date of the conviction unless the court determines, in the interests of
justice, that the probative value of the conviction supported by specific facts and
circumstances substantially outweighs its prejudicial effects. Tex. R. Evid. 609(b). Since
the State did not seek to introduce that evidence, the trial court did not make the
finding required to allow it. We can see no possible benefit to be gained by Stone
"fronting" this issue to the jury, especially when weighed against the facts of
this case which made that evidence particularly dangerous for Stone, and in light of the
fact that the State would not have been able to introduce evidence about it. 

The Texas Court of Criminal Appeals recently detailed the analytical framework for
claims of ineffective assistance of counsel: 

Texas courts adhere, as we must, to the United States Supreme Court's two-pronged Strickland
test to determine whether counsel's representation was inadequate so as to violate a
defendant's Sixth Amendment right to counsel. Hernandez v. State, 726 S.W.2d 53,
55 (Tex. Crim. App. 1986). The defendant must first show that counsel's performance was
deficient, i.e., that his assistance fell below an objective standard of reasonableness. McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 519 U.S.
1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997); Ex Parte Menchaca, 854 S.W.2d 128,
131 (Tex. Crim. App. 1993). Second, assuming appellant has demonstrated deficient
assistance, it is necessary to affirmatively prove prejudice. McFarland v. State,
928 S.W.2d at 500. In other words, appellant must show a reasonable probability that, but
for counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in
the outcome. Hernandez v. State, 726 S.W.2d at 55. This two-pronged test is the
benchmark for judging whether counsel's conduct so undermined the proper functioning of
the adversarial process that the trial cannot be relied on as having produced a reliable
result. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). 



The assessment of whether a defendant received effective assistance of counsel must be
made according to the facts of each case. Ex parte Scott, 581 S.W.2d 181, 182
(Tex. Crim. App. 1979). Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. McFarland
v. State, 928 S.W.2d at 500. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Id. Absent
both showings an appellate court cannot conclude the conviction resulted from a breakdown
in the adversarial process that renders the result unreliable. Ex parte Menchaca,
854 S.W.2d at 131. Appellant bears the burden of proving by a preponderance of the
evidence that counsel was ineffective. Cannon v. State, 668 S.W.2d 401, 403 (Tex.
Crim. App.1984). An appellate court looks to the totality of the representation and the
particular circumstances of each case in evaluating the effectiveness of counsel. Ex
Parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). 



Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). 



Our first question is whether Stone's counsel's performance was deficient, i.e.,
that his assistance fell below an objective standard of reasonableness. Thompson,
9 S.W.3d at 812; McFarland, 928 S.W.2d at 500; Ex Parte Menchaca, 854
S.W.2d at 131. However, before we reach that question, it is necessary to determine
whether the record in this case is adequate to evaluate counsel's performance. A claim of
ineffective assistance must be firmly rooted in the record. Jackson v. State, 877
S.W.2d 768, 771-72 (Tex. Crim. App. 1994). A serious obstacle to many such claims is the
lack of an adequately developed record. Thompson, 9 S.W.3d at 813-14. In fact,
the court of criminal appeals recently spoke to that issue: 

A substantial risk of failure accompanies an appellant's claim of ineffective
assistance on direct appeal. Rarely will a reviewing court be provided the opportunity to
make its determination on direct appeal with a record capable of providing a fair
evaluation of the merits of the claim involving such a serious allegation. In the majority
of instances, the record on direct appeal is simply undeveloped and cannot adequately
reflect the failings of trial counsel. 



Thompson, 9 S.W.3d at 813-14. 



The reason an adequate record is so important in these cases is because in the absence
of a record, the court will indulge strong presumptions that counsel's performance was a
part of trial strategy, and typically will not second-guess a matter of trial strategy. See
Young, 991 S.W.2d at 837-38. We must presume "that counsel is better positioned
than the appellate court to judge the pragmatism of the particular case, and that counsel
made all significant decisions in the exercise of reasonable professional judgment." Young,
991 S.W.2d at 837. We presume that counsel's conduct lies within the "wide range of
reasonable representation" and constitutes sound trial strategy. McFarland,
928 S.W.2d at 500. We must evaluate the quality of the representation from counsel's
perspective at trial, rather than counsel's isolated acts or omissions in hindsight. Strickland,
466 U.S. at 689; Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). 

The record of this case reveals that the State's case centered around the testimony of
two undercover informants who had orchestrated the drug buy from Stone. Cristal Kubicek
testified that she was a narcotics sergeant's investigator and had worked on many
undercover narcotics cases. She testified that on the night of the drug buy, she was
riding with a confidential informant, Barbara Miller, who had previously introduced her to
Stone. On that night, she and Miller drove up to the parking lot of a club. Miller got out
of the car, leaving Kubicek in the passenger's seat. Kubicek saw Stone and motioned for
him to approach the car. She asked him if he had a "twenty," which means
"one rock" of crack cocaine. 

At that point, she testified, Stone got into the car with her and told her if he
"caught a case on this," meaning if he was being set up by the police on the
drug buy, he would "take care" of Kubicek and Miller. They argued, and Kubicek
attempted to leave. She testified that after Miller got back in the vehicle and they
started to leave, Stone approached her and sold her the crack. She testified, though,
that, again, "the last words out of his mouth were, 'I swear to God that if I catch a
case on this, I will kill you both.'" She also testified that of the many undercover
drug buys she has conducted, she has only been threatened like that one other time.
Kubicek also testified that while she was in the courtroom the previous day, Stone had
caught her eye and mouthed the words "whore" and "bitch" at her. 

Barbara Miller's testimony corroborated Kubicek's. She heard Stone threaten to kill the
two women if he wound up getting busted for selling the crack to them. She was positive
that she had heard Stone threaten to kill them if he "caught a case" over the
transaction. She also testified that she had gone to school with Stone and thus had known
him for about twenty years. The State put on two other witnesses who testified to the
chain of custody and that the substance was cocaine. 

Stone's defense was that of alibi, consisting of his and his wife's testimony. His wife
testified first that she remembered the night in question specifically and that her
husband was with her the entire evening. Then Stone testified that he remembered the night
in question specifically and that he was with his wife the entire evening. He denied
threatening anyone at all or, particularly, threatening to kill anyone that night. With
regard to the prior conviction, his attorney solicited the following testimony: 

Mr. Stone, you are Benjamin Stone, Sr., are you not? 

Yes, I am. 

Are you the same Benjamin Stone that on February 14th, 1980, . . . in the 25th Judicial
District of Gonzales County . . . was convicted of murder? 



A. Yes, I was, but it was-- 

That is all of the question. 

Yes, sir. 

Were you sentenced to the penitentiary? 

Yes, sir. 

Did you serve some time in the penitentiary? 

Five years and six months. 

Were you paroled? 

Yes, I was. 

Are you on parole today? 

No, sir. I finished up February 14th, 1995. 

You have had other problems with the law? 

Yes, I have. 

But nothing serious enough to send you to the penitentiary? 

A. No, sir. 

Under the particular facts of this case, we find the record is adequate to show trial
counsel's ineffectiveness with regard to admitting the prior murder conviction. The reason
for developing a record here would be to ask Stone's attorney what his strategy was in
offering the prior conviction evidence through the defendant when it would not come in
otherwise. We are convinced that nothing trial counsel could say would make this court
believe that it was sound trial strategy to offer the prior conviction under the
circumstances here. We are able to determine from the statement of facts from the trial
and pre-trial proceedings that counsel rendered ineffective assistance of counsel. Thus,
we find the record sufficient in this case. 

Appellant argues that counsel's performance was deficient because there was no need for
him to elicit the testimony regarding the murder conviction from him, and doing so
diminished Stone's credibility and alibi defense. Appellant contends that while it is a
common trial tactic, when a defendant who has been earlier convicted of a felony and is
going to testify, to admit to his prior conviction before the state hammers him with it on
cross examination, such reasoning does not apply here in that the State could not have
used the conviction to impeach his credibility, because the conviction is too remote in
time under Texas Rule of Evidence 609(b). Rule 609 generally allows one's credibility to
be attacked by evidence that the witness has been convicted of a felony or a crime
involving moral turpitude. Tex. R. Evid. 609(b) (Vernon supp. 2000). However, evidence of
a conviction is not admissible under this rule if the date of conviction or the release of
the witness from confinement is more than ten years earlier, whichever is the later date. Id.
The court can determine, in the interest of justice, that the probative value of the
conviction substantially outweighs its prejudicial effect. Id. 

This trial took place in October of 1997. Stone's murder conviction was in February of
1980, and he was paroled after serving five and one half years in prison. Although the
precise date he was released from confinement is not reflected, computation indicates that
it was in the fall of 1985, more than ten years earlier. It could not have been admitted
to impeach him, absent a particularized finding by the judge. 

The court had indicated earlier in the trial that evidence of the prior conviction
would not be allowed during the guilt portion. No pre-trial ruling was sought, nor was the
issue raised by appellant's counsel in a motion in limine. However, the following exchange
occurred during voir dire: 

Prosecutor: In this case, because of the circumstances of this delivery, the offense is
a third-degree felony. Under Texas law a third degree felony is punishable from a minimum
of two to a maximum of ten years in the penitentiary. There also may be a fine assessed. 



Def. counsel: Your Honor, I am going to object at this time. May we approach the bench?




Court: Yes. 



Def. counsel: Having come to the bench, I am either lodging an objection or, I believe
more appropriately, asking that this Panel be released and a mistrial declared for my
client. This jury has not been seated. It is my belief by telling the jury that under the
circumstances of delivery that this is a third degree felony; that he is in effect telling
the jury he is the one familiar with the penal laws of this State; that this gentleman has
a prior conviction and, Judge, that is improper at this time. That is the only way he can
get there and I object. 



Prosecutor: Well, Judge, a third degree felony is what is alleged in the indictment and
I am entitled to question the Panel about the range of punishment alleged in the
indictment. I can't help it if Mr. Stone has a prior felony, but if this were a non-state
jail felony and enhanced by this I would be entitled to ask them about the enhanced
penalty as well. 



Court: Well, that is an interesting question. Unfortunately I can't answer it because .
. . tried for state jail.[sic] Is that like a DWI where the prior is part of the instant
offense or is it-- 



Prosecutor: I believe it is a punishment issue, Your Honor. 



Court: If it is just a punishment issue, then you shouldn't have told them. 



Prosecutor: I am entitled to ask them about an enhanced penalty. If this were a second
degree felony and he had one prior felony, I would be entitled to ask them about the
punishment range on a first degree felony. 



Def. counsel: You have to keep it within the range of two to ten; you can't explain to
them how you got there. 



Prosecutor: I didn't. I didn't mention a prior. 



Court: You probably need to tell them that-- 



Prosecutor: Mr. Morris can do whatever he wants to, Your Honor, but I am saying two to
ten. 



Court: I just want to make sure the prior is a punishment issue. The prior is not going
to be read to the Jury after while [sic], unless they find him guilty. 

Prosecutor: Unless the Court instructs us to prove it up on guilt or innocence, I
believe it is a punishment issue. 



Court: I agree with you. 



Def. counsel: It may come in on the Defense's case but we don't know about that yet. 



Court: I am not going to grant your request for a mistrial and I will overrule the
objection, but I want to make sure it is a punishment issue and not guilt or innocence.
Usually that is not how you explain it to them, but if that is how you want to-- 



Prosecutor: I don't want to try to explain the range of punishment to state jail; if he
wants to, he can go ahead. 



Court: All right. 



We hold that under the facts of this case, counsel's decision to elicit testimony
regarding the prior murder conviction cannot be considered part of a reasonable trial
strategy. We believe that where, as here, the record affirmatively demonstrates that
counsel took some action in defending his client that no reasonably competent attorney
could have believed constituted sound trial strategy, the defendant has shown he received
ineffective assistance of counsel. We hold, therefore, that counsel's performance in
eliciting that testimony was deficient representation that fell below the objective
standard of reasonableness. See Thompson, 9 S.W.2d at 812; McFarland,
928 S.W.2d at 500.(1) 

The second prong of the Strickland test for ineffective assistance of counsel
requires that we determine whether Stone has shown a reasonable probability that, but for
counsel's unprofessional error, the result of the proceeding would have been different. See
Thompson, 9 S.W.3d at 812; McFarland, 928 S.W.2d at 500. The
unnecessary placing before the jury of Stone's conviction of murder harmed his defense in
two ways: (1) it diminished his credibility when credibility was critical--his
presentation of his alibi defense; and (2) it gave substance to his threats to kill the
prosecution witnesses. One should be tried for only the crime for which he is indicted,
and not for being a criminal generally. Stone was deprived of a fair trial with a reliable
result. See Strickland, 466 U.S. at 687; Rosales v. State, 4 S.W.3d 228,
231 (Tex. Crim. App. 1999). Accordingly, we find Stone received ineffective assistance of
counsel and reverse and remand this cause to the trial court. Because we reverse pursuant
to appellant's first point of error, we do not reach the merits of his second point. 



______________________________ 

J. BONNER DORSEY, 

Justice 



Publish. 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 13th day of April, 2000. 

1. Trial counsel served as Stone's initial appellate counsel and
selflessly raised the issue of his own ineffectiveness. Subsequently, new counsel was
appointed for the appellant.