NUMBER 13-99-219-CR





COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ROBERT DALE HARRIS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 329th District Court


of Wharton County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and

Kennedy(1)

Opinion by Justice Kennedy



 Appellant was convicted by a jury of third degree felony driving
while intoxicated (DWI). The same jury assessed punishment at
confinement for ten years and a fine of $7,500. It recommended
probation for the incarceration but not for the fine. The trial court
sentenced appellant to ten years probation and a fine of $7,500.

 Appellant, in his single point of error, alleges that he was denied
effective assistance of counsel at trial. Specifically, he first notes that
trial counsel filed a motion for continuance one week prior to trial which
was unsworn and upon which counsel never requested a ruling. The
continuance was sought in order to permit counsel to retain, as co-counsel, someone better versed in the trial of DWI cases.

 Appellant also complains that trial counsel did not object to
lengthy testimony by the arresting officer about the results of a field
sobriety test administered to appellant called a horizontal gaze
nystagmus (HGN) test, during which testimony the officer quantified
the results of the test to indicate appellant's blood alcohol level. The
complaint also alleges a failure to object to the officer's quantifying the
result of an intoxilizer test. Appellant cites Emerson v. State, 880
S.W.2d 759 (Tex. Crim. App. 1994) for the proposition that a witness
may not use HGN evidence to quantify a defendant's blood alcohol
content. Emerson, 880 S.W.2d at 769.

 The arresting officer did quantify the blood alcohol content from
both the HGN test and the breathalyzer test.(2)
 However, he also testified
that he was a certified Breathalyzer intoxilizer operator. Presumably,
trial counsel could have objected to his quantification of the results of
both tests. Possibly, his objection would have been sustained. 
However, ineffective assistance is judged by a broader yardstick than
the failure to make a single objection.

 In Strickland v. Washington, 466 U.S. 668 (1984), the United
States Supreme Court established a two-part test to prove ineffective
assistance of counsel. The defendant must show that: (1) his
attorney's performance was deficient and (2) there is a reasonable
probability that counsel's deficient performance prejudiced the defense. 
Id. at 687. Texas courts have adopted this test. See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994), cert. denied, 508 U.S.
963 (1999).

 This Court has analyzed the matter of ineffective assistance of
counsel, as follows:

 The assessment of whether a defendant received effective
assistance of counsel must be made according to the facts
of each case. Ex parte Scott, 581 S.W.2d 181, 182 (Tex.
Crim. App. 1979). Any allegation of ineffectiveness must be
firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. 
McFarland v. State, 928 S.W.2d at 500. Failure to make the
required showing of either deficient performance or sufficient
prejudice defeats the ineffectiveness claim. Id. Absent both
showings an appellate court cannot conclude the conviction
resulted from a breakdown in the adversarial process that
renders the result unreliable. Ex parte Menchaca, 854
S.W.2d at 131. Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective. 
Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984). An appellate court looks to the totality of the
representation and the particular circumstances of each case
in evaluating the effectiveness of counsel. Ex Parte Felton,
815 S.W.2d 733, 735 (Tex. Crim. App. 1991).


Stone v. State, 17 S.W.3d 348, 350 (Tex. App. -- Corpus Christi, 2000
pet. ref'd).

 The inability of trial counsel to get the assistance of co-counsel
and his failure to make one objection hardly rise to the level of deficient
performance. In view of other evidence of appellant's intoxication,(3)
 it
is a stretch to say that, but for the jury having heard the arresting
officer's quantification of the results of either test, it would have
acquitted appellant. Appellant has failed to meet either prong of
Strickland.

 We overrule the single point of error and AFFIRM the judgment of
the trial court.



 NOAH KENNEDY

 Retired Justice


Do not publish.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 8th day of March, 2001.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. The evidence showed that appellant was offered a breath test and
that he blew into the receptacle once, then refused to blow again. 
Appellant testified that the intoxilizer registered .093 or 0.98 when he
blew into it. The arresting officer was called on rebuttal and testified
that he saw a reading of 1.39 when appellant blew into the intoxilizer. 
He then answered the question by the prosecutor, "And that would be
above the legal limit of .10, correct?" by saying "Yes, ma'am." 

3. In addition to the arresting officer's testimony about appellant's
erratic, and drunken demeanor, an enforcement agent with the
Alcoholic Beverage Commission testified. He was present in the
Wharton County jail when appellant was brought in and testified that
he heard loud profanity being used and, when he went to check on it,
found that it came from appellant. He testified in detail to appellant's
appearance and actions and concluded that appellant was intoxicated.