# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00784-CR

**Mark Watson, Appellant**

v.

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
### NO. 99-3532-1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING

Mark Watson appeals from his conviction for possession of two ounces or less of usable marihuana. Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (West Supp. 2002). After a jury found him guilty, the court sentenced him to one hundred eighty days' confinement, probated, and a two thousand dollar fine. In one point of error, he contends that he received ineffective assistance of counsel at trial. We will affirm the conviction.

Officer James Quinn, Cedar Park Police Department, noticed a broken license plate light on appellant's pickup truck and signaled appellant to stop. Appellant continued driving on the shoulder for about ten blocks. After appellant stopped the truck, he got out of the vehicle and approached Quinn's car. Quinn asked appellant to return to his truck. As Quinn approached appellant's vehicle to issue a citation, he smelled marihuana on appellant and in the vehicle. He noticed that appellant had glassy, bloodshot, watery eyes, signs consistent with smoking marihuana. There was a passenger in the car. During the course of the stop, Officer Quinn found marihuana in the passenger's shorts and on the hump in between the two seats of the pickup. Quinn read appellant

his rights and asked appellant about the marihuana. Appellant stated that it was his, that he had given it to his passenger to hide in his shorts and admitted that they had been smoking a joint.

Appellant complains that it was ineffective assistance for counsel to fail to object to his incriminating statements because without those statements, there was insufficient evidence to support a conviction for marihuana possession.

To prevail in an ineffective assistance of counsel claim, an appellant must prove by a preponderance of the evidence (1) that his counsel's performance was deficient and (2) that the deficiency prejudiced his defense. *Strickland v. Washington*, 446 U.S. 668, 689 (1984); *Hernandez v. State*, 988 S.W.2d 53, 53 (Tex. Crim. App. 1986). In meeting the first prong of the test, the appellant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Strickland*, 446 U.S. at 689. He must identify the acts or omissions of counsel that are not the result of reasonable professional judgment. *Id*. at 690. He then must show, in light of all the circumstances, that the identified acts or omissions were outside the wide range of professionally competent assistance. *Id*. To meet the second prong of the test the defendant must show that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

The assessment of whether a defendant received ineffective assistance of counsel must be made according to the facts of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Ex parte Scott*, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Appellant bears the burden of proving by

2

a preponderance of the evidence that counsel was ineffective. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal because it is rare that the record will be capable of providing a fair evaluation of the merits of the claim. *See Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).[1]

The record reveals that defense counsel did not object to the admission of appellant's statements at trial. Rather, counsel called appellant as a witness and appellant tried to show that Quinn had misinterpreted appellant's statements. Appellant did not deny there was marihuana in the car. He said that he noticed his passenger lighting a joint and told him that he, appellant, would not allow that behavior and the passenger should throw the joint out the window. Immediately after the passenger did so, he noticed the flashing lights behind him. His affirmative response to Quinn's question at the scene was not intended to claim ownership of the marihuana, but of the truck because he mistakenly thought the officer was asking about the truck.

Defense counsel's failure to object to the admission of appellant's incriminating statements appears, based on the record, to be a deliberate trial strategy. Inasmuch as appellant received a probated sentence, even in the face of previous convictions,[2] we cannot say the strategy was unsuccessful. Further, in order to show ineffective assistance, appellant must meet *Strickland's* second prong: that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, 446 U.S. at 694.

---

[1] In this case, although a motion for new trial was filed, it challenged the sufficiency of the evidence, not the adequacy of counsel's assistance. No hearing on a motion for new trial was held.

[2] His previous convictions were for driving while intoxicated.

In this case, the facts showed that appellant smelled of marihuana and had glassy, bloodshot, watery eyes. Marihuana was found on the floorboard hump of the truck in between the driver and passenger side, in plain view within the driver's reach. Appellant owned the vehicle that he was driving. A jury could have inferred from his attempt to approach Quinn's car that appellant had a reason to keep the officer away from the truck. All of these circumstances would have been sufficient to support a jury finding that appellant exercised care, control, and management of the contraband substance and knew it was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988); *see Martinets v. State*, 884 S.W.2d 185, 188 (Tex. App.—Austin 1994, no pet.) (affirming conviction for marihuana possession with similar "affirmative links" between accused and contraband). We cannot say that the outcome would have been different had appellant's statements at the scene been suppressed. Because appellant has not met his burden to show ineffective assistance, we overrule his only point of error and affirm the conviction.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: January 25, 2002

Do Not Publish

4