Opinion issued on March 25, 2004.








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00127-CR




CHARLES EDWARD FRANKLIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 909996




MEMORANDUM OPINION
          Appellant, Charles Edward Franklin, was charged by indictment with the
offense of aggravated sexual assault of a child. A jury found appellant guilty of the
lessor offense of indecency with a child and assessed punishment at confinement for
five years. In his sole point of error, appellant argues that he was denied effective
assistance of counsel because his trial counsel failed to object to the hearsay
testimony of seven witnesses. We affirm.
Background
          Appellant and his wife operated the Viregie-Lu Center for Cognitive Growth,
a private school, at their home. Appellant taught at the school and the complainant
attended the school. The complainant testified that, when she was eight and nine
years old, on three or four occasions during nap time at school, appellant touched her
inappropriately.
          Keidra Spivey, the complainant’s mother, testified that the complainant told her
that appellant had fondled her while she attended appellant’s school. Shenitra Lee,
the complainant’s cousin, testified that the complainant “shared a secret” with her
regarding somebody touching her inappropriately and the secret addressed “what this
trial is about.”
          During the guilt/innocence stage of trial, Royal Valrey, the mother of another
student at appellant’s school, testified that her daughter told her that, when her
daughter was 10 years old while a student at appellant’s school, appellant had
touched her inappropriately. 
          Houston Police Department Officer Richard Head, employed in the juvenile
sex crimes unit, interviewed the complainant at appellant’s school and testified that
the complainant’s videotaped statement was taken at the Children’s Assessment
Center regarding the allegations against appellant. He testified that the complainant’s
videotaped statement was consistent with his earlier interview with her and that the
complainant never recanted her allegations against appellant. 
          During the punishment phase, three mothers of children who were allegedly
touched inappropriately by appellant also testified. Mary Davis, Linda Reid, and
Patricia Chinedo, mothers of young, female students at appellant’s school, testified
that their daughters told them that, while students at appellant’s school, appellant had
touched them in an inappropriate way. 
          Trial counsel made no objections to any of the above testimony. 
Ineffective Assistance
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington. 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Gamble
v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). The
defendant must first show that counsel’s performance was deficient, i.e., that his
assistance fell below an objective standard of reasonableness. McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Second, assuming that appellant has
demonstrated deficient assistance, it is necessary to affirmatively prove prejudice. Id. 
In other words, appellant must show a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. Id. A
reasonable probability is a probability sufficient to undermine confidence in the
outcome. Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). 
          The assessment of whether a defendant received effective assistance of counsel
must be made according to the facts of each case. Ex parte Scott, 581 S.W.2d 181,
182 (Tex. Crim. App. 1979). Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. McFarland, 928 S.W.2d at 500. Failure to make the required
showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id. Absent both showings, we cannot conclude that the
conviction resulted from a breakdown in the adversarial process that rendered the
result unreliable. Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993). 
          Appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective. Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984). Any judicial review of a defendant’s claim of ineffective assistance of counsel
must be highly deferential to trial counsel and avoid the deleterious effects of
hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). There is
a strong presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance. Strickland, 466 U.S. at 687, 104 S. Ct. at 2065; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
          In this case, appellant did not file a motion for new trial. Accordingly, the
record is silent as to why appellant’s trial counsel failed to object to the State’s
introduction of the allegedly inadmissible hearsay. The record gives no indication of
the strategy or reasons behind the decisions of appellant’s counsel, including trial
counsel’s failure to object to testimony of the witnesses. The record fails to rebut this
strong presumption of reasonable counsel. Appellant does not show why an objection
would have been successful or that, if successful, it would have kept the same
evidence from getting before the jury by means as damaging or more damaging than
the mothers’ testimony. To find that trial counsel was ineffective based on the
asserted grounds would call for speculation, which we will not do. See Bone v. State,
77 S.W.3d 828, 835 (Tex. Crim. App. 2002); Gamble, 916 S.W.2d at 93. Therefore,
appellant failed to rebut the presumption that this was a reasonable decision. “Failure
to make the required showing of . . . deficient performance . . . defeats the
ineffectiveness claim.” Strickland, 466 U.S. at 700, 104 S. Ct. at 2071. 
          We overrule appellant’s sole point of error. 

Conclusion
           We affirm the judgment of the trial court.

                                                             
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Nuchia, Alcala, and Hanks.
Do not publish. Tex. R. App. P. 47.4.