Affirmed and Memorandum Opinion filed April 22, 2008








Affirmed and Memorandum Opinion filed April 22, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00399-CR

____________

 

ROGER ELROY SLATER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 1031075

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Roger Elroy Slater, was indicted on the offense
of aggravated robbery.  He filed a pretrial motion to suppress his custodial
statement, which the trial court denied.  The jury returned a guilty verdict,
and assessed punishment at five years= imprisonment in
the Texas Department of Criminal Justice, Institutional Division. On appeal,
appellant challenges the trial court=s denial of his
motion to suppress, and further asserts that he was denied the effective
assistance of counsel at trial.  We affirm.








Factual
and Procedural Background

On the afternoon of June 10, 2005, Maria Venegas, the
77-year old complainant, was robbed at gunpoint in the parking lot of the
Fiesta store located at 4711 Airline in Houston, Texas.  According to the
complainant=s testimony, a car driven by a young Hispanic male
sped up to her as she exited the store, whereupon a young African-American male
approached her from behind and grabbed her purse.  When she struggled, the
robber placed the barrel of a gun to the back of her neck and pushed her to the
ground, taking her purse.  The robber then got into the car, and the driver
immediately sped away.  During the course of the entire robbery, the robber
said nothing to the complainant.  The complainant testified that she could not
identify the car used in the robbery, but an eyewitness was able to write down
what was purportedly its license plate numberCV56 MVLCbefore the
suspects fled the scene.

Officer Jon Bonnette of the Houston Police Department,
Robbery Division, ultimately received the complainant=s case for
investigation.  He learned that a similar purse-snatching had occurred at
approximately 2:13 p.m. that same afternoon in the parking lot of the Kroger
store located at West 43rd Street and Ella, and reportedly involved a white,
two-door Honda with the license plate number V56 MBL.  He also learned that the
complainant had been robbed at approximately 2:40 p.m. at the Fiesta locationCwhich was only two
miles from the Kroger locationCand that the suspects fled in what was
reportedly a white Crown Victoria with the license plate number V56 MVL. 
Officer Bonnette then ran both license plate numbers; the first came back as a
blue Mercedes Benz, while the second came back as a white, two-door Toyota
Celica that roughly matched the description of the vehicle involved in both
robberies.  The registered owner of the Celica was listed as Zulma E. Cruz.








In the course of his investigation, Officer Bonnette also
discovered an offense report dated May 18, 2005, that indicated the Celica had
been reported stolen for a period of two hours, and listed the owners as Zulma
Cruz and Sam Quintanilla, Cruz=s boyfriend.  Thinking that Quintanilla
was most likely the young, Hispanic male described by the complainant as the
driver of the car involved in her purse-snatching, Officer Bonnette proceeded
to Cruz=s and Quintanilla=s address, which
was located only one mile from each of the crime scenes.  But, finding the
residence surrounded by a high fence, and not otherwise seeing the Celica
anywhere near the residence, Officer Bonnette placed his business card in the
mailbox associated with that address.  He and his partner, Officer John French,
then circled the block several times in an attempt to locate the Celica.

 Just as they were leaving the area, Officer Bonnette
noticed the Celica drive by at a fairly high rate of speed, and immediately
requested marked units to conduct a traffic stop.  Once uniformed patrol
officers responded, Officer Bonnette stopped the Celica, and its three
occupantsCQuintanilla, appellant, and Frank MusaCwere ordered out
of the vehicle.  Officer Bonnette then informed Quintanilla, the driver, that
he was investigating two robberies reportedly involving the Celica, whereupon
Quintanilla admitted his role in the purse-snatchings, and further indicated
that he was willing to cooperate in the investigation.  Quintanilla indicated
that neither appellant nor Musa had any involvement in the robberies; instead,
he informed Officer Bonnette that a man named AGeorge@ actually helped
him carry them out.  Quintanilla was subsequently taken into custody for
further questioning, while appellant and Musa were arrested and jailed for
outstanding municipal warrants. 

Officers Bonnette and French investigated the information provided
by Quintanilla regarding AGeorge,@ but were unable
to locate a suspect by that description.  They then interviewed Quintanilla a
second time, who informed them that appellant, his half-brother, was the other
participant in the robberies.  Officers Bonnette and French immediately
proceeded to the city jail, where appellant was being held, and interviewed him
regarding his involvement in the robberies.  After being advised of his legal
rights and informed as to what Quintanilla had reported to Officers Bonnette
and French, appellant admitted his role in the robberies.  Appellant also
agreed to provide a videotaped statement detailing his account of the
robberies.








On July 28, 2005, appellant was indicted on the offense of
aggravated robbery.  He pleaded not guilty, and filed a pretrial motion to
suppress his videotaped custodial statement.  After conducting a hearing, the
trial court denied the motion to suppress.  The jury returned a guilty verdict,
and assessed punishment at five years= imprisonment in
the Texas Department of Criminal Justice, Institutional Division.  The trial
court sentenced appellant and entered judgment in accordance with the jury=s verdict.  This
appeal followed.

Issues
on Appeal

In two issues, appellant challenges his conviction for
aggravated robbery.  In his first issue, appellant contends that the trial
court erred in denying the motion to suppress his custodial statement, as it
allegedly was induced by promises in violation of the Fifth Amendment of the
United States Constitution.  Specifically, appellant asserts that, before he
made his videotaped statement (1) he was promised by Officer Bonnette that if
he confessed, he would be released in one or two days; and (2) he was told by
Officers Bonnette and French that the District Attorney would be lenient with
him if he confessed.  Appellant argues that these promises rendered his
custodial statement involuntary, and the trial court was therefore required to
grant his motion to suppress.

In his second issue, appellant contends that he was denied
the effective assistance of counsel at trial, in violation of his rights under
the Sixth Amendment of the United States Constitution and Article I, Section 10
of the Texas Constitution.  Specifically, he argues that his trial counsel made
Aserious errors,@ which effectively
deprived him of a fair trial, in three areas: (1) failure to assert
Confrontation Clause objections to the admissibility of Quintanilla=s custodial
statements incriminating himself and appellant; (2) failure to assert hearsay
objections and Confrontation Clause objections to testimony given by officers
at trial about the extraneous robbery; and (3) eliciting testimony from Officer
Bonnette about the gun allegedly used to rob the complainant.  We address
appellant=s issues in the order he has presented them.








Analysis
of Appellant=s Issues

I.        The
Trial Court Did Not Err In Denying Appellant=s Motion to
Suppress.

In his first issue, appellant contends that the trial court
erred in denying his motion to suppress his custodial statement because the
statement was given involuntarily.  Appellant argues that the statement was
involuntary because it was induced by promises in violation of the Fifth
Amendment of the United States Constitution.[1]

A.      The Trial
Court is the Exclusive Judge of the Credibility of Witnesses at a Suppression
Hearing.








We review a trial court=s denial of a
motion to suppress evidence under an abuse-of- discretion standard. Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  At a suppression
hearing, the trial court is the exclusive trier of fact and judge of the
credibility of the witnesses. See Garza v. State, 213 S.W.3d 338, 346
(Tex. Crim. App. 2007); Mason v. State, 116 S.W.3d 248, 256 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  We therefore afford almost total
deference to a trial court=s determination of historical facts
supported by the record, especially when the trial court=s findings are
based on an evaluation of credibility and demeanor. State v. Ross, 32
S.W.3d 853, 856 (Tex. Crim. App. 2000) (quoting Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997)).   We afford the same amount of deference
to a trial court=s ruling on Aapplication of law
to fact questions,@ also known as Amixed questions of
law and fact,@ if the resolution of those questions turns on an
evaluation of credibility and demeanor. Id. (quoting Guzman, 955 S.W.2d
at 89).  We review de novo those questions not turning on credibility
and demeanor. Id. (quoting Guzman, 955 S.W.2d at 89).  We will
sustain the trial court=s ruling if it is reasonably supported by
the record and is correct on any theory of law applicable to the case. Villareal,
935 S.W.2d at 138.

When determining whether a confession should have been
excluded as a matter of federal constitutional law, we decide whether the
confession was voluntary or coerced. Arizona v. Fulminante, 499 U.S.
279, 285B86 (1991); see
also Colorado v. Connelly, 479 U.S. 157, 167 (1986) (holding that coercive
police activity is a necessary predicate to a finding that a confession is not
voluntary).  A confession is coerced if the defendant=s will was
overborne by the circumstances surrounding the confession. Dickerson v.
United States, 530 U.S. 428, 434 (2000).  To make this determination, we
examine the totality of the circumstances surrounding the interrogation,
including the characteristics of the accused and the details of the
interrogation. Id.; Fulminante, 499 U.S. at 286B88.

B.      We Defer
to the Trial Court=s Findings on This Issue.








After the hearing on appellant=s motion to
suppress, the trial court entered findings of fact and conclusions of law that
included the following: (1) Officer Bonnette did not make appellant any
promises in order to induce him to give a statement; (2) no officer told
appellant that, if he confessed to committing the robbery, he might be able to
go home in a day or two; (3) no officer told appellant that if he confessed the
District Attorney would be lenient on him and he could go home; (4) the
testimony of Officer Bonnette was true and credible; (5) the testimony of
appellant was not true and therefore not credible; and (6) at the time of his
videotaped statement, appellant voluntarily waived his rights and voluntarily
gave the videotaped statement.  Accordingly, the trial court determined that
appellant=s custodial statement was admissible.  However,
as noted above, appellant contends that (1) Officer Bonnette falsely promised
him that if he confessed to the robbery, he would be released in a day or two;
and (2) Officers Bonnette and French told him that the District Attorney would
be lenient with him if he confessed.

The only evidence in support of appellant=s contentions is
appellant=s testimony at the hearing on his motion to suppress. 
It is contradicted by that of Officer Bonnette.  No other record evidence
supports appellant=s assertions, and no promises or statements
regarding leniency appear on the videotape of appellant=s statement. 
Furthermore, the videotape of appellant=s statement shows
that appellant denied he was promised anything in exchange for his statement. 
Moreover, Officer Bonnette testified that neither he nor Officer French ever
made any promises or statements regarding leniency to appellant, and that he
never promised appellant anything, never threatened appellant, and did not
coerce appellant into making a statement.

Having reviewed the evidence, we hold that appellant cannot
demonstrate an abuse of discretion.  The trial court was the sole judge of the
credibility of the witnesses, and chose to believe the videotape and the State=s witness and to
disbelieve appellant. See Garza, 213 S.W.3d at 346 (stating that, at a
hearing on a motion to suppress, the trial judge is the exclusive judge of the
credibility of witnesses, and may therefore choose to believe or disbelieve any
or all of a witness=s testimony).  Because appellant=s assertion that
his Fifth Amendment rights were violated depends on appellant=s credibility, we
defer to the trial court=s findings on this issue.  See id. (stating
that a reviewing court is not at liberty to disturb any fact finding that is
supported by the record); see also Guidry v. State, 9 S.W.3d 133, 143
(Tex. Crim. App. 1999).  We therefore overrule appellant=s first issue.

II.       Appellant
Did Not Demonstrate That He Was Denied the Effective Assistance of Counsel at
Trial.








In his second issue, appellant contends that he was denied
the effective assistance of counsel at trial, in violation of his rights under
the Sixth Amendment of the United States Constitution and Article I, Section 10
of the Texas Constitution.  Specifically, appellant argues that his trial
counsel made several mistakes at the guilt/innocence phase of trial:  (1)
failure to assert Confrontation Clause objections to the admissibility of
Quintanilla=s custodial statements incriminating himself and
appellant; (2) failure to assert hearsay objections and Confrontation Clause
objections to testimony by officers at trial regarding the extraneous robbery;
and (3) elicitation of  testimony from Officer Bonnette about the gun allegedly
used to rob the complainant.  Appellant contends that his trial counsel=s mistakes
effectively deprived him of a fair trial, and therefore his conviction should
be reversed and a new trial ordered.

A.      The Law
Pertaining to Ineffective Assistance of Counsel Claims.

To prevail on an ineffective assistance of counsel claim,
whether asserted under the United States Constitution or the Texas
Constitution, appellant must show (1) counsel=s performance was
deficient; and (2) the deficiency was so prejudicial that it rendered the trial
unfair. See Strickland v. Washington, 466 U.S. 668, 687 (1984); see
also Hernandez v. State, 726 S.W.2d 53, 56B57 (Tex. Crim.
App. 1986) (holding that the Strickland standards apply to ineffective
assistance of counsel claims asserted under Article I, Section 10 of the Texas
Constitution).  The first element requires a showing that counsel=s representation
fell below the objective standard of professional norms. Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  The second element has been interpreted
to mean that the appellant must show a reasonable probability that, but for his
counsel=s unprofessional
errors, the result of the proceeding would have been different. Id.  A
Areasonable
probability@ is one sufficient to undermine confidence in the
outcome. Id.








The determination of effectiveness of counsel must be made
on the facts of each case. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999) (citing Ex parte Scott, 581 S.W.2d 181, 182 (Tex. Crim.
App. 1979)).  Allegations of ineffectiveness must be Afirmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@ Id.  There is a strong
presumption that counsel=s conduct fell within the wide range of
professional assistance. Strickland, 466 U.S. at 689.  Appellant has the
burden to rebut this presumption, by a preponderance of the evidence, with
evidence illustrating trial counsel=s motives. Green
v. State, 191 S.W.3d 888, 894 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d) (citing Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994)).  Rarely will a reviewing court have a
sufficient record on direct appeal to adequately reflect the failings of trial
counsel. See Thompson, 9 S.W.3d at 813B14.

B.      Application
of Law to the Facts.

1.       Trial
Counsel=s Failure to Object.

We do not decide here whether admission of the particular
evidence appellant claims should have drawn an objection from trial counsel
violated the Confrontation Clause or the Texas Rules of Evidence.  Even if this
evidence were inadmissible, appellant has failed to satisfy his burden to show
the unreasonableness of his trial counsel=s actions under Strickland. 
As noted above, appellate review of trial counsel=s representation
is highly deferential and presumes that counsel=s actions fell
within the wide range of reasonable and professional assistance. Garza,
213 S.W.3d at 348.  If counsel=s reasons for her conduct do not appear in
the record and there is at least the possibility that the conduct could have
been grounded in legitimate trial strategy, we will defer to counsel=s decisions and
deny relief on an ineffective assistance of counsel claim on direct appeal. Id.
(citing Ortiz v. State, 93 S.W.3d 79, 88B89 (Tex. Crim.
App. 2002)).








Counsel=s reasons for her actions or intentions do
not appear in the record.  And, contrary to appellant=s contentions, his
trial counsel=s conduct could have been part of a reasonable trial
strategy.  See id. (concluding that trial counsel=s conduct could
have been part of a reasonable trial strategy, where trial counsel failed to
object to hearsay testimony that allegedly violated the Confrontation Clause,
and trial counsel=s reasons for his actions or intentions
did not appear in the record).  Furthermore, isolated failures to object to
improper evidence generally do not constitute ineffective assistance of
counsel. See Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim. App.
1984); Green, 191 S.W.3d at 895.  Without more, we must defer to the
decisions of appellant=s trial counsel and deny the relief
requested by appellant. See Garza, 213 S.W.3d at 348 (denying appellant=s ineffective
assistance of counsel claim, which was asserted on direct appeal, where trial
counsel=s reasons for his
actions or intentions did not appear in the record, and his conduct could have
been part of a reasonable trial strategy); see also Jackson, 877 S.W.2d
at 771; Green, 191 S.W.3d at 894.

Therefore, because appellant has failed to bring forward
evidence rebutting the presumption that trial counsel=s actions fell
within the wide range of reasonable and professional assistance, we are unable
to conclude that her performance was deficient on this ground.

2.       Elicitation
of Testimony from Officer Bonnette.








Similarly, we cannot conclude that trial counsel=s elicitation of
testimony from Officer Bonnette regarding the gun allegedly used to rob the
complainant constituted ineffective assistance of counsel.  Appellant asserts that
his trial counsel elicited testimony from Officer Bonnette that a Asilver
semiautomatic pistol@ was used in the robbery, and that up
until the point that  particular testimony was given, the only description that
had been given about the gun allegedly used was that it was a pellet or
BB-gun.  Appellant argues that, by eliciting this particular testimony, his
trial counsel made the State=s case sufficient to prove a first degree
felony under section 29.03 of the Texas Penal Code,[2]
rather than a second degree felony under section 29.02 of the Penal Code.[3]

Appellant=s contention is without merit.  As with
trial counsel=s failure to object, neither the reasons for trial
counsel=s elicitation of
this testimony from Officer Bonnette nor her intentions appear in the record,
and on the facts of this case we will not speculate on her reasons or
intentions. See Green, 191 S.W.3d at 894 (stating that A[a]n appellate
court is not required to speculate on trial counsel=s actions when
confronted with a silent record,@ but that holding
counsel ineffective is not speculation where Aa silent record
clearly indicates no reasonable attorney could have made such trial decisions@).  We overrule
appellant=s second issue.

 








Conclusion

Having
overruled both of appellant=s issues on appeal, we affirm the judgment
of the trial court.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion
filed April 22, 2008.

Panel consists of Justices Fowler, Frost,
and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant does not assert a claim under the Texas
Constitution or Texas statutory law.  Therefore, we do not conduct the separate
analysis required to determine whether the alleged statements made by Officers
Bonnette and French constitute improper inducements under state law. See
Muniz v. State, 851 S.W.2d 238, 251B52
(Tex. Crim. App. 1993) (requiring state and federal claims of involuntariness
to be argued on separate grounds with separate substantive analysis or argument
provided for each ground); see also Martinez v. State, 127 S.W.3d 792,
794 (Tex. Crim. App. 2004) ( applying four-prong test to determine whether a
promise rendered a confession involuntary pursuant to Article 38.21 of the
Texas Code of Criminal Procedure); Herrera v. State, 194 S.W.3d 656, 659B60 (Tex. App.CHouston
[14th Dist.] 2006, pet. ref=d) (applying Atotality of the circumstances@ test to claim asserted under federal constitutional
law, and four-prong test to claim asserted under state law).





[2]  Section 29.03 of the Texas Penal Code provides:

 

(a)        A person commits an offense if he commits
robbery as defined in Section 29.02, and he:

            (1)        causes serious bodily injury to
another;

(2)        uses or exhibits a deadly weapon; or

(3)        causes bodily injury to another person or
threatens or places another person in fear of imminent bodily injury or death,
if the other person is:

(A)       65 years of age or older; or

(B)        a disabled person.

(b)        An offense under this section is a felony
of the first degree.

(c)        In this section, Adisabled person@
means an individual with a mental, physical, or developmental disability who is
substantially unable to protect himself from harm.

 

Tex. Penal Code _ 29.03.





[3]  Section 29.02 of the Texas Penal Code provides:

 

(a)        A person commits an offense if, in the
course of committing theft as defined in Chapter 31 and with intent to obtain
or maintain control of the property, he:

(1)        intentionally, knowingly, or recklessly
causes bodily injury to another; or

(2)        intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death.

(b)        An offense under this section is a felony
of the second degree.

 

Tex. Penal Code _ 29.02.