WR-49,642-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/28/2015 3:43:46 PM
Accepted 10/28/2015 3:54:30 PM
ABEL ACOSTA
CLERK

**WR-49,642-02**
**W11-51734-T(A)**

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE COURT OF** |
| | § | |
| | § | **CRIMINAL APPEALS** |
| | § | |
| **JOHN SHOCKLEY** | § | **OF TEXAS** |

RECEIVED
IN THE COURT OF CRIMINAL APPEALS
10/28/2015
ABEL ACOSTA, CLERK

## OBJECTIONS TO THE TRIAL COURT'S ORDER ON
## SHOCKLEY'S APPLICATION FOR A WRIT OF HABEAS CORPUS

In Shockley's Application for a Writ of Habeas Corpus, he argued that his counsel was ineffective in advising him not to testify at the guilt phase of his trial for aggravated robbery because he was the only person who could have provided evidence that the "gun" used in the robbery was in fact a toy. *See* TEX. PEN. CODE § 29.03 (a person commits the offense of aggravated robbery if, among other alternatives, he commits robbery *and* uses or exhibits a deadly weapon). The trial court agreed that counsel's performance was deficient. The court determined that Shockley was not prejudiced by his counsel's deficient representation, though, because, in light of Shockley's criminal history, he was subject to the same sentencing range regardless of whether he was convicted of aggravated robbery or robbery. And because the court *did* hear the toy-gun evidence, albeit at punishment, and ostensibly factored it into its sentencing decision, the court reasoned counsel's failure made no difference.

The court was wrong. Even if Shockley's sentence would have been the same number of years, had the evidence been admitted at the guilt phase of trial, and Shockley been convicted only of robbery, he would be eligible for parole when his actual calendar time served plus good conduct time equals *one-fourth* of the sentence

1

imposed. *See* TEX. GOV'T CODE § 508.145(f). Because the evidence was only presented at punishment, however, Shockley is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-half of the sentence. *See* TEX. GOV'T CODE § 508.145(d)(1); TEX. CODE CRIM. PROC. art. 42.12 §3g(a)(1)(F). Thus, in this instance, where Shockley was sentenced to 35 years' imprisonment, counsel's deficient performance resulted in a delay in parole eligibility of 8.75 years. Certainly, this was prejudicial. *See, e.g., Ex parte Scott*, 581 S.W.2d 181 (Tex. Crim. App. 1979) (where counsel's failure raised the possible punishment from twelve years to life imprisonment, counsel's deficient performance was prejudicial); *cf. Ex Parte Moussazadeh*, 361 S.W.3d 684, 692 (Tex. Crim. App. 2012) (counsel's failure to inform defendant that he would not be eligible for parole until one-half of his sentence was served, rather than one-fourth, was deficient and prejudicial). Accordingly, Shockley objects to the district court's order concluding otherwise.

For these reasons, and all those urged in Shockley's original memorandum in support of his application for a writ of habeas corpus, Shockley respectfully requests this Court to reject the district court's recommendation, and to find that that his conviction for aggravated robbery illegally confines and restrains him of his liberty. His conviction was had only upon an involuntary plea and the ineffective assistance of his counsel. This Court should thus issue the Writ of Habeas Corpus, set aside his conviction, and remand the case for a new trial. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 694, (1984).

Respectfully submitted,

/s/ Bruce Anton
BRUCE ANTON
Bar Card No. 01274700
ba@sualaw.com


/s/ Brett Ordiway
BRETT ORDIWAY
State Bar No. 24079086
bordiway@sualaw.com

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201
(214)-468-8100 (office)
(214)-468-8104 (fax)

*Counsel for Applicant*


## Certificate of Service

I, the undersigned, hereby certify that a true and correct copy of the foregoing Objections to the Trial Court's Order on Shockley's Application for a Writ of Habeas Corpus was mailed to the Dallas County District Attorney's Office and the 283rd Judicial District Court of Dallas County on October 28, 2015.


/s/ Bruce Anton
Bruce Anton