

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-86,781-01

### Ex parte JORDAN LEWIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-11-205-CRW-A IN THE 81ST DISTRICT COURT
### FROM WILSON COUNTY

**KELLER, P.J., filed a concurring opinion in which KEEL, JJ., joined.**

On habeas corpus, the applicant has raised a double jeopardy claim concerning his aggravated robbery and aggravated assault convictions. He has also raised ineffective assistance of counsel claims alleging that trial and appellate counsel were ineffective for failing to raise the double jeopardy claim. The Court notes that the applicant has raised these claims and then grants relief without further comment. I would hold that the applicant is entitled to relief on the ineffective-assistance claims, and I would not reach the question of whether he would be entitled to relief on his freestanding double jeopardy claim.

Whether a freestanding double jeopardy claim is even cognizable on habeas corpus is a

question that has been a matter of dispute among the members of this Court.[1] We have not agreed on the answer to that question. The question is complex because it involves (or may involve) the interaction of statutory law, constitutional law, and our habeas jurisprudence.

We do not need to address the question here because applicant has also raised meritorious ineffective assistance of counsel claims based on his attorneys' failure to raise the double jeopardy claim. Applicant's argument is that aggravated robbery by threat and aggravated assault by threat are the same offenses for double jeopardy purposes. Under *Ex parte Denton*, he is correct.[2] *Denton* was handed down before applicant's trial, so both his trial attorney and his appellate attorney should have known about it. Because applicant pled not guilty and had a contested trial, there is no conceivable trial strategy for not raising the double jeopardy claim after sentence was pronounced. And applicant was prejudiced because he has two convictions instead of just one.

If the remedy for the underlying claim that counsel should have raised would have been reformation of the trial court's judgment, then reformation may be the appropriate remedy for the ineffective assistance violation.[3] If applicant's double jeopardy claim had been raised at trial or on direct appeal, the remedy would have been to vacate the aggravated assault conviction. It would be appropriate, then, to grant that remedy for the ineffective assistance of counsel violation for failing

---

[1] *See Ex parte Marascio*, 471 S.W.3d 832, 840 (Tex. Crim. App. 2015) (Keasler, J., concurring) (concluding that a free-standing double-jeopardy claim that could have been raised on direct appeal is not cognizable on habeas corpus).

[2] 399 S.W.3d 540 (Tex. Crim. App. 2013) (holding aggravated robbery by threat and aggravated assault by threat, committed against the same victim during the same continuous transaction, to be the same offense for double-jeopardy purposes).

[3] *See Ex parte Scott*, 581 S.W.2d 181 (Tex. Crim. App. 1979) (judgment reformed to reflect second-offender enhancement rather than habitual-offender enhancement when counsel failed to discover that the defendant's prior convictions did not satisfy habitual-offender statute).

to raise the double jeopardy claim.  I agree with the Court's decision to grant relief and with the type of relief granted.

I concur in the Court's judgment.

Filed:  November 15, 2017
Do not publish